UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LESLIE WAYNE O'NAN,

      Defendant.
_____/

Case No. 1:15:CR:129

HON. GORDON J. QUIST

### MEMORANDUM REGARDING DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO FINALIZE RESTITUTION

The Government has filed a motion to finalize restitution, in which it recommends that the Court incorporate and adopt the terms of the bankruptcy court's ruling on allowed claims as this Court's ruling on the issue of restitution. The Government recommends that the Court, among other things: (1) conclude that all the claimants identified in the bankruptcy court's May 6, 2016 Order constitute all of the victims in the instant criminal case; (2) find that the amounts owed to each victim are properly determined in the bankruptcy court's May 6, 2016 Order; (3) direct Defendant to make payments to the Chapter 7 trustee for administration of restitution payments; (4) direct that payments be made on a pro-rata basis based on the amounts determined in the bankruptcy court's May 6, 2016 Order as compared to the total loss, which is $17,448,629.75; and (5) make all payments consistent with the bankruptcy court's order, with certain limited exceptions.

Defendant has filed a response in which he raises three issues regarding the Government's motion. First, Defendant requests that this Court, rather than the bankruptcy trustee, administer the restitution payments. Defendant notes that, as set forth in the bankruptcy court's May 6, 2016 Order, the trustee's commission on payment of the full restitution amount will be $132,500.00, and

bank fees on the full amount of restitution will range from .10 to .14%, resulting in fees of anywhere from $34,897.26 to $146,568.49.  Defendant argues that each dollar that goes to such expenses will reduce the amount available for restitution payments.  Defendant further argues that the bankruptcy court's May 6, 2016 Order provides the Court all the information it needs for the Court, through the Clerk's office, to administer restitution.

Having considered Defendant's arguments, as well as the Government's suggestion that the complexity of the restitution payments in this case justifies the use of a private trustee, the Court concludes that the Clerk's office is adequately equipped to administer restitution payments and that reduction of administrative expenses will ensure that more funds are available to pay the victims in this case.  Accordingly, the Court will order Defendant to make restitution payments to the Clerk of this Court in its restitution order.

Defendant next argues that, if payment is made through the Clerk of this Court, the distinction between Class III and Class IV claims (tardy claims) be eliminated because such distinction is based on the Bankruptcy Code and is relevant only if payments are distributed through the trustee.  Because the Court has determined that restitution will be distributed through this Court, the Court will disregard the Class III/Class IV distinction.

Finally, Defendant requests guidance on what payments, if any, he may make to victims outside of the restitution order to victims who have filed civil claims.  To address this situation, the Court will order Defendant to make all restitution payments to this Court and refrain from making any payment to victims in any other proceeding without prior authorization from this Court.

A separate order will issue.

Dated:  July 12, 2016                              /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE